UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL TOVAR,

                    Petitioner,

v.                                   Case No:  2:13-cv-15-Ftm-29UAM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

                    Respondents.

_____/

## OPINION AND ORDER

     Petitioner Michael Tovar ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1, filed January 1, 2013).  Respondents were ordered to show cause why the petition should not be granted (Doc. 10).  Respondents filed a limited response in which they addressed only the petition's timeliness (Doc. 12).  In the response, Respondents incorporated a motion to dismiss the petition as time-barred (Doc. 12).  Petitioner filed a reply in opposition to the motion to dismiss (Doc. 14).

     For the reasons set forth in this Order, the Court concludes that the petition was timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Accordingly, Respondents' motion to dismiss is denied, and Respondents must file a response to the petition for writ of habeas corpus.

## I.   **Background and Procedural History**

On January 7, 2008, Petitioner was charged by information with two counts of capital sexual battery on a child less than twelve years old (Ex. 1).[1]  Petitioner pleaded no contest to one count of capital sexual battery and was sentenced to life in prison on April 28, 2009 (Ex. 2).  Petitioner's judgment and sentence were filed with the Clerk of the Court on May 7, 2009, triggering the thirty day period in which Petitioner could file an appeal.  Petitioner did not file an appeal until December 21, 2009 when he filed a petition for a belated appeal (Ex. 4).  The petition was granted, and the Second District Court of Appeal specifically stated that the order granting the petition would serve as a timely notice of appeal of the judgment and sentence imposed on April 28, 2009 (Ex. 5); *Tovar v. State*, 36 So.3d 102 (Fla. 2d DCA 2010). On May 20, 2010, Petitioner filed a notice of appeal (Ex. 6).  However, the appeal was dismissed for failure to prosecute on July 15, 2010 (Ex. 7); *Tovar v. State*, 39 So.3d 329 (Fla. 2d DCA 2010).

Petitioner filed a petition pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure on January 31, 2011 ("Rule 3.850 motion") (Ex. 8).  The motion was denied on August 5, 2011 (Ex. 10). Petitioner filed a notice of appeal on September 23, 2011, but the appeal was dismissed as untimely filed (Ex. 11; Ex. 14); *Tovar v.*

---

[1] Unless otherwise indicated, references to exhibits are to those filed with Respondents response on July 16, 2013).

*State*, 75 So.3d 1263 (Fla. 2d DCA 2011).  On November 30, 2011, Petitioner filed a petition for a belated appeal which was granted on January 13, 2013 (Ex. 19; Ex. 20).  On September 12, 2012, the Second District Court of Appeal *per curiam* affirmed the denial of Petitioner's Rule 3.850 motion. Tovar v. State, 100 So. 3d 699 (Fla. 2d DCA 2012). Mandate issued on November 15, 2012 (Ex. 21).

On August 26, 2011, Petitioner filed a petition alleging ineffective assistance of appellate counsel (Ex. 15).  The Second District Court of Appeal treated it as a petition for belated appeal and denied it on October 3, 2011 (Ex. 16)

Petitioner handed over the instant petition for mailing on January 4, 2013 (Doc. 1).

## II. Analysis

### a. *Petitioner's federal habeas corpus petition is subject to a one-year statute of limitation*

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the AEDPA one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  This limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply.  Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

b. **Petitioner's federal habeas corpus petition was filed more than one year from the date his conviction and sentences became final**

Petitioner entered a guilty plea to one count of capital sexual battery, and the appeal of his conviction and sentence was dismissed on July 15, 2010 because Petitioner had not paid his appellate filing fee.  Respondent contends that the AEDPA statute of limitations period began to run the following day (Doc. 12 at 6).  However, this Court concludes that a § 2254 petitioner is entitled to a 90-day period for seeking *certiorari* review in the Supreme Court of the United States from a dismissed direct appeal. See Brandon v. McNeil, Case No. 5:08-cv-234, 2009 WL 559530 (N.D. Fla. 2009)(finding that a petitioner is entitled to seek *certiorari* review of a direct appeal

4

dismissed for failure to pay the filing fee); United States v. Gentry, 432 F.3d 600, 604 n.2 (5th Cir. 2005)(noting that federal prisoner's conviction became final ninety days after court of appeals dismissed direct appeal for want of prosecution); United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004)(federal prisoner's conviction became "final," triggering one-year limitations period applicable to § 2255 motion to vacate, ninety days after court of appeals dismissed defendant's direct appeal).   Accordingly, Petitioner's judgment became final on October 13, 2010, and Petitioner had until October 13, 2011 to timely file his federal habeas petition. See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method" under which the limitations period expires on anniversary of date it began to run).

Petitioner's federal Petition was not filed until January 3, 2013 (Doc. 1).   Therefore, it is untimely under § 2244(d)(1)(A) unless tolling principles apply to render it timely.

### c.   Petitioner's habeas corpus petition is subject to statutory tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2).

Petitioner filed a Rule 3.850 motion on January 31, 2011. The Rule 3.850 motion operated to toll the statute of limitations. At that time, 110 days of his limitations period had lapsed, and Petitioner had 255 remaining days in which to timely file a federal habeas petition.

Petitioner's Rule 3.850 motion was denied on August 5, 2011. Petitioner did not file a timely notice of appeal; accordingly, the AEDPA clock began running again on August 6, 2011.

On November 30, 2011, after 117 additional days of Petitioner's one-year AEDPA statute of limitations had lapsed, Petitioner filed a petition for a belated appeal of his Rule 3.850 motion. Because it was ultimately granted, this motion for a belated appeal operated to toll the AEDPA statute of limitations, but did not toll the time between the expiration of the standard time to file an appeal and the filing of the petition for filing a belated appeal. See Williams v. Crist, 230 F. App'x 861 (11th Cir. 2006) (a state prisoner's belated appeal motion tolled his AEDPA clock where motion was filed within the limitations period and was ultimately granted by the state court); McMillan v. Secretary, Dep't of Corr., 257 F. App'x (11th Cir. 2007) (time between expiration of standard time to file an appeal and the filing of a petition for belated appeal is not tolled under the AEDPA).

The Second District Court of Appeal affirmed the denial of Petitioner's Rule 3.850 motion on September 12, 2012, and mandate

issued on November 15, 2012.  Accordingly, Petitioner's AEDPA clock began to run again on November 16, 2012, with 138 days of the limitations period remaining.  Forty-nine days later, Petitioner filed the instant petition in this Court.  Accordingly, the instant petition for writ of habeas corpus was timely filed.

**III.** **Conclusion**

Accordingly, it is hereby **ORDERED:**

1.  Respondents' motion to dismiss Petitioner Michael Tovar's petition for writ of habeas corpus is **denied.**

2.  Within **ninety days** from the date on this Opinion and Order, Respondents shall file a response to the Petition. See Order, Doc. 10.

**DONE** and **ORDERED** in Fort Myers, Florida on this   28th   day of January, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 1/28/14
Copies to:  parties of record